Filed 1/15/2025 11:04 AM
Rosa Norsworthy
District Clerk
Jasper County, Texas
Kay Lane, Deputy

CAUSE NO. 41565 _____

| | | |
|---|---|---|
| ATHAN DEWAYNE WEST<br>Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § § | JASPER COUNTY, TEXAS |
| CHRISTOPHER MURPHY A.N.F. OF ADDISON JEAN MURPHY and PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE CO.<br>Defendants. | § § § § § § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ATHAN DEWAYNE WEST, hereinafter referred to as Plaintiff, and files this his Original Petition and Rule 193.7 Notice complaining of CHRISTOPHER MURPHY A.N.F. OF ADDISON JEAN MURPHY (hereinafter "Murphy") and PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE CO. (hereinafter "Pennsylvania"), hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

### I. DISCOVERY

Discovery in this matter is intended to be conducted under Level 3.

### II. PARTIES

Plaintiff, ATHAN DEWAYNE WEST, is a resident of Hardin County, Texas.

Defendant, CHRISTOPHER MURPHY A.N.F. OF ADDISON JEAN MURPHY, is a resident of Jasper County, Texas, who may be served at 400 State Loop 149, Brookeland, Texas 75931. Plaintiff requests that the Clerk of Court issue citation and forward it to Plaintiff's counsel to be served by private process server.

1

Defendant, PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE CO., is an insurer licensed to do business in Texas who may be served through its designated registered agent for service, Registered Agent Solutions, Inc. at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744-1044. Plaintiff requests that the Clerk of Court issue citation and forward such to Plaintiff's counsel to be served by private process server.

### III. JURISDICTION

The Court has jurisdiction over the controversy because the damages are in excess of the minimum jurisdictional limits of the Court.

### IV. VENUE

Venue is proper in Jasper County, Texas, because it is the county of Defendant Murphy's residence at the time the cause of action accrued.

### V. CLAIM FOR RELIEF

Plaintiff seeks monetary relief of $1,000,000 or more, excluding interest, statutory and punitive damages and penalties, and attorney fees and costs. Plaintiff also makes a demand for judgment for all other relief to which he deems himself entitled.

### VI. FACTS

On October 2, 2024, Plaintiff was involved in an automobile wreck with Defendant Murphy. The wreck occurred in Sabine County, Texas at approximately 5:50 p.m. Plaintiff was driving a white Volvo VNR commercial motor vehicle in the course and scope of his employment with Apache Products, Inc. Plaintiff was traveling south on US Highway 96. Defendant Murphy was traveling north on US Highway 96. As the two vehicles were approaching one another, Defendant Murphy crossed over the center stripe, into the southbound lane of traffic, and crashed into the driver's side of Plaintiff's truck. Plaintiff attempted to steer to the right to avoid the impact,

but despite his best efforts, he was unable to avoid the impact and ended up running into the roadside guardrail.

Trooper Dellenger of the Texas Department of Public Safety was called to investigate this crash. His investigation concluded that Defendant Murphy was solely responsible. Officer Dellenger based his conclusion on the fact that Defendant Murphy was distracted while driving at the time of the crash and drove in the wrong lane. Defendant Murphy was given a citation for driving in the wrong lane. No fault was placed on Plaintiff for this crash. As a result of this wreck, Plaintiff suffered serious and lasting injuries which required lengthy medical treatment, loss of work, and a significant disruption in his daily life.

## VII. ALLEGATIONS AGAINST DEFENDANT MURPHY

### A. *Negligence*

At all times relevant to the allegations of this Petition, Addison Jean Murphy had a duty to act as a reasonable and prudent driver. She breached this duty and was negligent. Her negligence was the sole and/or an aggregate proximate cause of this wreck and Plaintiff's resulting injuries and damages. Her negligence includes, but is not limited to, the following:

(1) Failing to operate a vehicle in a reasonable manner;

(2) Failing to maintain a proper lookout and pay attention to traffic around her;

(3) Failing to stay in her lane of travel, and instead driving into the opposite lane of travel;

(4) Failing to pay attention;

(5) Failing to timely apply her brakes or otherwise take evasive action to avoid causing the wreck; and

(6) Such other and further acts of negligence as may be supplemented as a result of discovery performed in this suit.

## VIII. UNDERINSURED MOTORIST COVERAGE

On the date of the accident, Plaintiff was covered by an insurance policy issued through his employer by Pennsylvania Lumbermens Mutual Insurance Company, policy no. 42A0100224. This policy included uninsured motorist coverage in the amount of $1,000,000 per covered person. Plaintiff is a valid covered person under this policy.

Defendant Pennsylvania was timely informed of Plaintiff's accident and that Plaintiff intended to claim under the underinsured benefits. Additionally, as a part of this suit, Plaintiff is seeking a recovery from the responsible party. Defendant Murphy is an underinsured motorist. Because Defendant Murphy is underinsured as defined in the Pennsylvania insurance policy, Plaintiff hereby seeks recovery for injuries under the underinsured motorist provisions of the Pennsylvania policy. Defendant Pennsylvania is in breach of contract for failing to pay out such provisions to Plaintiff.

## IX. DECLARATORY JUDGMENT

Plaintiff hereby brings a claim under TEX. CIV. P. REM. CODE § 37, the UNIFORM DECLARATORY JUDGMENTS ACT. (See also *Allstate Ins. Co. v. Irwin*, 04-18-00293-CV, 2019 WL 3937281, at *4 (Tex. App.—San Antonio Aug. 21, 2019, pet. filed).

Plaintiff requests that the Court determine the rights, status, and legal relations of the parties. Plaintiff was/is insured by a policy of insurance underwritten by Defendant Pennsylvania. Plaintiff has made a claim under the underinsured coverage of the insurance policy. Plaintiff was involved in the above-described accident with Defendant Murphy, who is an underinsured driver, and Plaintiff contends that his damages will exceed the amount of insurance held by Defendant Murphy. All conditions precedent to this claim have been satisfied.

Plaintiff moves the Court to determine the liability of Defendant Murphy for the subject

collision and the extent of the resulting damages that Plaintiff would be able to recover from Defendant Murphy, and thereby Defendant Pennsylvania in this case.

More specifically, based on the foregoing facts, and pursuant to the policy of insurance in force and effect for Plaintiff by Defendant Pennsylvania at the time of this incident, Plaintiff seeks a declaratory judgment that he is entitled to recover from Defendant Pennsylvania for his damages resulting from this accident, that those damages fall within the coverage afforded him under the policy of insurance with Defendant Pennsylvania, and specifying the amount of damages, attorney's fees, interest and court costs that Defendant Pennsylvania is obligated to pay.

## X. DAMAGES

As a proximate result of the incident made the basis of this suit and Defendant Murphy's negligent acts and omissions, Plaintiff brings this suit against Defendants to recover damages for the following items:

(1) Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

(2) Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

(3) Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and in the future;

(4) Loss of earning capacity sustained in the past;

(5) Loss of earning capacity that, in reasonable probability, will be sustained in the future;

(6) Physical impairment in the past and in the future;

(7) Disfigurement in the past and in the future;

(8) Pre-judgment and post-judgment interest;

(9) Reasonable and necessary attorney's fees; and

(10) Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## XI. CONDITIONS PRECEDENT

All conditions precedent to bringing this suit have been met.

## XII. T.R.C.P. 193.7 NOTICE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, be advised that Plaintiff intends to use any document produced by Defendants in discovery in any pre-trial or trial proceeding in this case.

## XIII. JURY TRIAL REQUEST

Plaintiff respectfully requests that this case be tried to a jury. Jury fees have been paid accordingly.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ATHAN DEWAYNE WEST, prays that Defendants, CHRISTOPHER MURPHY A.N.F. OF ADDISON JEAN MURPHY and PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, be cited to appear and answer herein as the law directs, and that upon final hearing and trial, Plaintiff have and recover of and from Defendants, his items of damages together with costs of Court and pre-judgment and post-judgment interest, and that Plaintiff be entitled to such other and further relief, both at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

THE DAWS LAW FIRM

/s/ *Malachi Daws*
**MALACHI DAWS**
State Bar No. 24082904
**RYAN SHERER**
State Bar No. 24108880
4055 Dowlen Road

Beaumont, TX 77706
P: (409) 838-6000
F: (409) 838-6003
E: mdaws@dawslawfirm.com

**ATTORNEYS FOR PLAINTIFF**