Filed: 8/13/2025 6:45 PM
Rosa Norsworthy
District Clerk
Jasper County, Texas

Kay Lane, Deputy

## CAUSE NO. 41565

| | | |
|---|---|---|
| **ATHAN DEWAYNE WEST** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **JASPER COUNTY, TEXAS** |
| | § | |
| **CHRISTOPHER MURPHY A.N.F. OF** | § | |
| **ADDISON JEAN MURPHY AND** | § | |
| **PENNSYLVANIA LUMBERMENS** | § | |
| **MUTUAL INSURANCE CO.** | § | **1ST JUDICIAL DISTRICT** |

### DEFENDANT PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE CO.'S ORIGINAL ANSWER

Defendant Pennsylvania Lumbermens Mutual Insurance Co. ("Defendant") hereby files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions and would respectfully show the Court and Jury as follows:

### I.
### GENERAL DENIAL

1.1     Subject to such stipulations and/or admissions as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant by the proper burden of proof as is required by the Texas Constitution and the laws of the State of Texas.

1.2     Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure.

### II.
### AFFIRMATIVE DEFENSES/INFERENTIAL REBUTTALS

2.1     Pleading further, Defendant alleges that Plaintiff is not entitled to recover from Defendant damages that resulted from any negligent acts and/or omissions of Plaintiff, and Plaintiff's right to recover from Defendant is reduced by his own contributory

negligence as set forth by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

2.2    Plaintiff's recovery of medical expenses, if any, is limited and subject to the restrictions set forth by Section 41.0105 of the Texas Civil Practice and Remedies Code.

2.3    Plaintiff is not entitled to a recovery of damages for any medical condition and/or injury that resulted from a pre-existing and/or subsequent condition, or any other condition not proximately caused by the occurrence in question.

2.4    Defendant further claims the benefits of §18.091 of the Texas Civil Practice and Remedies Code and asks the Court to require Plaintiff to submit his claim for loss of earning and loss of earning capacity in the form of a net loss after reductions for income tax and other Federal Income Tax law provisions.

2.5    Plaintiff is not entitled to recover any damages against which they failed to mitigate.

2.6    Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure.

2.7    Defendant denies Plaintiff has complied with all conditions precedent to bringing suit on a contract of insurance against Defendant.

2.8    Defendant would show that it has not been established Plaintiff is legally entitled to recover damages for bodily injury from the owner or operator of an uninsured/underinsured motor vehicle involved in the occurrence made the basis of this lawsuit.

2.9    Defendant would further show that it has not been established the amount of damages for bodily injury, if any, Plaintiff is legally entitled to recover from the owner

or operator of an uninsured/underinsured motor vehicle involved in the occurrence made the basis of this lawsuit.

2.10 Defendant would further show that it did not and has not breached the contract of insurance in that at the time the lawsuit was filed no uninsured/underinsured motorist claim could be presented by Plaintiff to Defendant.

2.11 Pleading further and subject to the foregoing, without waiving same, Defendant would show Plaintiff's demand was excessive, if any could be made, and that Plaintiff is not entitled to attorneys' fees as alleged in Plaintiff's Original Petition.

2.12 Pleading further and subject to the foregoing, without waiving same, Defendant insists on each and every term, endorsement, provision, condition, and qualification contained in the contract of insurance at issue, including but not limited to any applicable "Limit of Insurance."

2.13 Pleading further and subject to the foregoing, without waiving same, Defendant would show Plaintiff is not entitled to prejudgment interest as alleged under the "Declining Principal" formula for the determination of prejudgment interest.

## III.
## JURY DEMAND

3.1 Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby formally makes this demand and application for a jury trial in this matter. The jury fee is being has been paid at this time.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing, for costs of Court, and for such further relief, both special and general, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

HARTLINE BARGER LLP

By: _/s/ Lisa Massey_____
ELIZABETH "LISA" MASSEY
State Bar No. 24039039
lmassey@hartlinebarger.com
ANDREW J. PRATKA
State Bar No. 24079159
apratka@hartlinebarger.com
5151 San Felipe Street, Suite 400
Houston, TX 77056
(713) 759-1990 Telephone
(713) 652-2419 Facsimile

ATTORNEYS FOR DEFENDANT
PENNSYLVANIA LUMBERMENS MUTUAL
INSURANCE CO.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 13th day of August, 2025.

_/s/ Lisa Massey_____
ELIZABETH "LISA" MASSEY